UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61883-CIV-COOKE/BANDSTRA

THINK VACUUMS, INC.,

    Plaintiff
vs.

MICHAEL MARCH, *et al.*,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT MICHAEL MARCH

THIS CASE is before me upon Plaintiff Think Vacuums, Inc.'s ("Think Vacuums") Motion for Summary Judgment against Defendant Michael March ("Mr. March"). (ECF No. 59). I have reviewed the record, the motion and the relevant legal authorities. For the reasons explained below, the Motion for Summary Judgment is granted.

### I. BACKGROUND

The following facts are not in dispute.[1] In or about 2005, Think Vacuums hired Mr. March to design and operate ThinkVacuums.com, an interactive website that allows customers to purchase central vacuum systems, commercial vacuums and household vacuum cleaners online. (Deposition of Michael March 24:18-23; 275:10-11, June 22, 2010 ("March Dep.")). In April 2008, while employed by Think Vacuums, Mr. March incorporated Central Vacuum Planet, Inc. ("Central Vacuum"). (*Verified Ans. to Interrogatories*, No. 18). Central Vacuum is a competing

---

[1] Plaintiff filed its Motion for Summary Judgment and Statement of Material Facts on December 16, 2010. As of the date of this Order, Mr. March has failed or otherwise refused to oppose the motion for summary judgment as required by Local Rule 7.5(b). Notwithstanding Mr. March's failure to respond, the Court has reviewed all of the required portions of the record to determine whether summary judgment is appropriate. *See U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1102 n. 2 (11th Cir. 2004).

online retailer of central vacuum systems and accessories.  (March Dep. 226:7-25; *Verified Ans. to Interrogatories*, Nos. 4, 18).  Central Vacuum received its first official sale on August 28, 2008, three months prior to Mr. March's last day of employment with Think Vacuums.

On July 2, 2010, Think Vacuums filed its Amended Complaint alleging violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (Counts I & II) and breach of duty of loyalty (Count III).  Think Vacuums now moves for summary judgment against Mr. March on Count I and Count III.

## II. LEGAL STANDARD

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The moving party bears the initial responsibility of informing the … court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Hickson Corp. v. Nothern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (internal quotations omitted).  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.s. 242, 249-250 (1986).  In determining whether summary judgment is appropriate, a court must draw inferences from the evidence in the light most favorable to the nonmoving pary and resolve all reasonable doubts in that party's favor.  *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

## III.  ANALYSIS

The purpose of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA" or the

2

"Act") is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). To establish a claim under FDUTPA, a plaintiff must prove that the defendant's conduct was (1) unfair and deceptive and (2) the complaining party was aggrieved by the act. *State of Fla., Office of Atty. Gen., Dept. of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005). The concept of "unfair or deceptive acts" is not clearly defined but some courts have suggested that conduct is unfair when it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, (or competitors or other businessmen)." *Day v. Le-Jo Enterprises, Inc.*, 521 So. 2d 175, 178 (Fla. Dist. Ct. App. 1988) (quoting *Spiegel, Inc. v. Federal State Com'n*, 540 F.2d 287, 293 n. 8 (7th Cir. 1976); *see also Advanced Protection Technologies, Inc. v. Square D. Co.*, 390 F. Supp. 2d 1155, 1164-65 (M.D. Fla. 2005). The Act "should be construed liberally," and the concept of unfair or deceptive acts should be regarded as "extremely broad." *MJS Music Publications, LLC v. Hal Leonard Corp.*, 2006 WL 1208015, *2 (M.D. Fla.).

Competition and free enterprise are highly favored. However, the actions taken by an employee before the termination of his employment is determinative of whether the employee committed an unfair or deceptive trade practice. *See Restivo v. Hanger Prosthetics & Orhotics, Inc.*, 783 F. Supp. 2d 521 (E.D. La. 2007). Here, Mr. March deliberately concealed the existence of his company from his employer. He also continued to receive income from his employer while his company was operating in direct competition with Think Vacuums.

> Q: And you never told Mr. Buckwald, 'Mr. Buckwald, I'm setting up a competing company while working at your office.' You never told him that, right?
>
> A: No.

> Q: What do you think would have happened hat you told him that?
>
> A: I would have been terminated.
> Q: Why?
>
> A: Because I was setting up a competing business.

March Dep. 226:7-15.

> Q: And while Mr. Buckwald was paying you money that you used for food, for shelter and transportation, you were setting up a business to compete against him that actually went live and was competing against him?
>
> A: Yes.

March Dep. 227:10-14.

There is no issue of material fact that Mr. March unfairly and deceptively operated Central Vacuum while he was in possession of and had access to Think Vacuums' customer, sales, marketing, supplier and financial information. (*Verified Ans. to Interrogatory*, No. 17). Mr. March's actions were unethical and injurious to Think Vacuums. Accordingly, summary judgment as to Count I is appropriate.

Summary judgment as to Count II is also appropriate. The general rule regarding an employee's common law duty of loyalty to an employer is that an employee can organize a corporation "during his employment to carry on a rival business after the expiration of his employment." *Fish v. Adams*, 401 So.2d 843, 845 (Fla. Dist. Ct. App. 1981). Mere preparation to open a competing business is insufficient to demonstrate a breach of such duty. *Furmanite America, Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1149 (M.D. Fla. 2007). However, an employee cannot carry on a rival business during his employment and cannot engage in disloyal acts in anticipation of his future competition. *Id.* The record clearly demonstrates that Mr. March breached his duty of loyalty to Think Vacuums.

## IV.  CONCLUSION

For the reasons explained above, Plaintiff's Motion for Summary Judgment against Defendant Michael March (ECF No. 59) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Miami, Florida this 9th day of February 2011.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*

Central Vacuum Planet, Inc.
c/o Michael March
8524 Brook Place Drive
Hixon, TN 37343